# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRUDY FERRELL, individually and as personal representative of the Estate of GREGORY FERRELL, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. CIV-15-404-D |
| v. | )<br>) |
| BGF GLOBAL, LLC, *et al.*, | )<br>) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Remand [Doc. No. 20]. Defendants BGF Global, LLC ("BGF"), Traffic & Lighting Systems, LLC ("TLS"), Lawrance Dildine ("Dildine"), Hallmark County Mutual Insurance Company, and Hallmark Specialty Insurance Company (collectively, the "Hallmark Defendants") have filed their responses in opposition [Doc. Nos. 21-22]. The matter is fully briefed and at issue.

## FACTUAL AND PROCEDURAL BACKGROUND

This action is the result of a collision at the intersection of S.E. 15th and S. Eastern Ave. in Oklahoma City between Plaintiff's husband, Gregory Ferrell, and Defendant Dildine in which Mr. Ferrell suffered fatal injuries. At the time of the collision, Dildine was employed as a truck driver for Defendants BGF and Blitz

Express, LLC ("Blitz") and was driving a semi-tractor trailer 18-wheeler owned by Blitz.[1] Plaintiff alleges Dildine was traveling at an unsafe speed when he came upon a yellow light at the intersection. Rather than adhere to federal regulations regarding safety in the operation and handling of a tractor trailer, Plaintiff contends Dildine instead chose to honk his horn and enter the intersection on a red light. Mr. Ferrell entered the intersection on a green light and collided with Dildine.

On March 16, 2015, Plaintiff filed this suit, individually and as personal representative of the deceased, against Dildine, BGF, and Blitz under tort theories of negligence and vicarious liability.[2] Plaintiff also sued TLS, the purported manufacturer of the traffic light system located at the intersection, for negligence and products liability. Plaintiff alleged the traffic lights required maintenance at least twelve times in 2014–the year of the accident. Plaintiff also stated the traffic control system was defective at the time it was manufactured by TLS and unreasonably dangerous to any person who might have been reasonably affected by it, including the decedent.

---

[1] The facts recited herein are taken from Plaintiff's Petition and are assumed true for purposes of the motion to remand. *In re Briscoe*, 448 F.3d 201, 218 (3d Cir. 2006); *McPhail v. Wal-Mart Stores, Inc.*, No. 03–1010–WEB, 2003 WL 1750886, at *2 (D. Kan. Mar. 27, 2003) (accepting Petition's allegations as true for purposes of fraudulent joinder analysis).

[2] The Hallmark Defendants were sued based on their status as BGF's insurers.

BGF, Dildine and the Hallmark Defendants timely filed a Notice of Removal on April 16, 2015, to which TLS filed its consent. Although TLS is an Oklahoma corporation and Plaintiff is an Oklahoma resident, Defendants allege diversity jurisdiction exists because TLS "has been fraudulently joined in a feigned attempt to defeat diversity jurisdiction" and "Plaintiff has not and cannot state any claim against TLS." *See* Notice of Removal at 2 [Doc. No. 1]. Plaintiff timely filed a motion to remand in which she argues diversity jurisdiction is lacking.[3] She contends TLS may be held liable under the tort theories alleged in the Petition and denies it has been fraudulently joined.

**STANDARD OF DECISION**

The removal statute, 28 U.S.C. § 1441, permits a defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Id.*; *Dutcher v. Matheson*, 733 F.3d 980, 984-85 (10th Cir. 2013). In addition to the requirement of original jurisdiction, 28 U.S.C. § 1441(b)(2) sets forth the "forum-defendant rule," which provides a case may not be removed on the basis of diversity if any defendant is a citizen of the state in which the state-court action was brought. *Id.*; *Brazell v. Waite*, 525 F. App'x 878, 884

---

[3]Plaintiff does not dispute that the amount in controversy requirement is satisfied. Motion to Remand at 7, n. 3.

3

(10th Cir. 2013) (unpublished); *Red Cloud Assets, LLC v. Harris Aviation*, LLC, No. CIV–11–282–D, 2011 WL 1871166, at *3 (W.D. Okla. May 16, 2011).

However, a defendant may remove a case based upon diversity jurisdiction–even in the absence of complete diversity–if a plaintiff joins a nondiverse party fraudulently to defeat federal jurisdiction. *Red Cloud Assets*, 2011 WL 1871166, at *3 ("Of course, the presence of a resident defendant prevents removal only if this defendant is 'properly joined,' and it is well established that the fraudulent joinder of a resident defendant does not prevent removal.") (citing *Updike v. West*, 172 F.2d 663, 665 (10th Cir. 1949)).[4] Fraudulent joinder is a jurisdictional inquiry. *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1247 (10th Cir. 2004). "[U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882

---

[4]Despite its harsh moniker, "[f]raudulent joinder is a term of art, it does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant." *Cooper v. Zimmer Holdings, Inc.*, 320 F. Supp. 2d 1154,1157 (D. Kan. 2004) (citation omitted); *see also Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1257 (D.N.M. 2014) (opting to use the term "procedural misjoinder," rather than "fraudulent misjoinder," because of the confusion that the word "fraudulent" has caused in the fraudulent joinder context).

(10th Cir. 1967)).

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Hernandez*, 73 F. Supp. 3d at 1336 (quoting *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013)). The defendant must show there is *no possibility* that the plaintiff would be able to establish a cause of action against the nondiverse party. *See id.* (citing *Montano v. Allstate Indem.*, No. 99–2225, 2000 WL 525592, *1–2 (10th Cir. April 14, 2000) (unpublished)); *Brazell*, 525 F. App'x at 881 ("the removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.") (citations omitted); *Frontier Airlines v. United Air Lines, Inc.*, 758 F.Supp. 1399, 1407 (D. Colo. 1989) ("Defendants must show that there exists no possibility for recovery under rules of state law.").

To this end, the non-liability of the nondiverse party must be established with "complete certainty." *Hernandez*, 73 F. Supp. 3d at 1336 (quoting *Smoot*, 378 F.2d at 882); *Mitchell v. Ford Motor Co.*, No. CIV-05–379-F, 2005 WL 1657069, at * 3 (W.D. Okla. July 5, 2005) (a removing defendant who pleads fraudulent joinder must support this claim with clear and convincing evidence) (citing *Hart v. Wendling*, 505 F. Supp. 52, 53 (W.D. Okla. 1980)). Although the court may consider evidence outside the pleadings, "it is not proper for the court to pre-try issues of liability on a

5

motion to remand." *Id*.

Consequently, the fraudulent joinder standard is more favorable to the plaintiff than the standard for ruling on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Montano*, 2000 WL 525592, at *2; *Johnson v. American Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015). "Under this standard, it is entirely possible a case should be remanded even though the claims brought against the non-diverse defendant will ultimately be subject to dismissal." *Sanders v. DJO, LLC*, 728 F. Supp. 2d 1200, 1203 (D.N.M. 2010) (citation omitted). Remand is required if any one of the claims against the non-diverse defendant is possibly viable. *Montano*, 2000 WL 525592, at *2. " '[T]here need be only a slight possibility of a right to relief' or a 'glimmer of hope' " to defeat removal. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999).

## DISCUSSION

Plaintiff's negligence / products liability cause of action against TLS alleges the following:

> 74. Defendant Traffic & Lighting Systems manufactured, installed and/or operated the traffic control lights at the intersection of S.E. 15th Street and S. Eastern Ave.
>
> 75. The traffic control lights at issue required maintenance at least twelve (12) times in the calendar year of 2014 alone.

6

76. On November 27, 2014, two days after the collision at issue, the southbound left lane green bulb required replacement.

77. Defendant Traffic & Lighting Systems was and is in the business of manufacturing traffic control lights such as the one at issue.

78. [T]he traffic control device at issue was defective, and because of the defect, such traffic control device was unreasonably dangerous to any person who might be reasonably affected by such traffic control device.

79. [S]uch traffic control device was defective at the time it was manufactured by Defendant Traffic & Lighting Systems, LLC, or at which time it left such Defendants control.

80. Plaintiff's decedent, Gregory Ferrell, as a person operating a motor vehicle in the area where the traffic control device was operating, might reasonably be affected by the operation of such traffic control device.

81. Plaintiff's decedent, Gregory Ferrell[,] sustained injury, including sever pain and suffering and death, directly and proximately caused by the defect in such traffic control device.

Petition, ¶¶ 74-81.

Defendants state these allegations are without any factual or legal support. They cite to evidence in the record indicating that (1) eyewitnesses to the accident stated the traffic lights were working properly, (2) the Oklahoma City police officers who investigated the accident inspected the lights and determined they were in

working order, (3) TLS never performed any work on the lights, and (4) since their installation in 1991, the lights underwent numerous alterations and modifications by entities other than TLS, thereby barring Plaintiff's products liability claim. TLS also argues that any claim stemming from the lights' installation is barred by Oklahoma's ten-year statute of repose, 12 OKLA. STAT. § 109.

Plaintiff responds that (1) "myriad inconsistency" in eyewitness testimony reflects there may have been a malfunction at the time of the collision, (2) prior work orders at the accident's location indicate the "traffic signal may have sporadic malfunctions that resolve without technical intervention" [Notice of Removal at 13], and (3) she has properly pled the elements for a products liability claim. According to Plaintiff, the consideration of this evidence as a whole creates a legitimate fact question over TLS's liability, making its inclusion proper and not fraudulent.

Upon review of the parties' submissions, particularly the affidavits and exhibits attached in support, the Court finds Plaintiff's motion should be denied. The heavy burden placed upon Defendants to prove fraudulent joinder does not mean this Court must "blindly accept" whatever Plaintiff asserts, "no matter how incredible or how contrary to the overwhelming weight of the evidence." *In re Diet Drugs Products Liab. Litig.*, 325 F. Supp. 2d 533, 537 (E.D. Pa. 2004); *In re Train Derailment Near Amite, La.*, No. Civ.A. MDL 1531, 2003 WL 2171500, at *2 (E.D. La. July 18, 2003)

("Although [defendant] bears a heavy burden of proof on the fraudulent joinder issue, [plaintiffs] cannot rely on conclusory allegations and speculation in light of the evidence offered by [defendant]"). If a plaintiff contests a defendant's assertion of fraudulent joinder, "the Court must determine the facts from *the evidence*." *In re Diet Drugs*, 325 F. Supp. 2d at 537 (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98, 42 S.Ct. 35, 66 L.Ed. 144 (1921) (emphasis added)).

Plaintiff has presented no credible evidence which would indicate a reasonable probability the traffic light system played a role in the decedent's accident. The "myriad inconsistencies" in eyewitness testimony cited by Plaintiff do not call into question whether a light malfunction occurred at the time of the collision. The Court finds Plaintiff's theory that an error may have occurred and then self-corrected is speculative, unpersuasive, and unavailing for purposes of deciding the present motion. Moreover, Plaintiff's "mixed signal" theory is belied by a letter from an Oklahoma City engineer who states all signals in Oklahoma City are equipped with a "conflict monitor" to prevent the display of conflicting signal indications, a fact Plaintiff does not refute.

In addition, the work orders cited by Plaintiff indicate a company other than TLS performed the requested maintenance and repair; TLS has provided this Court with its own documentation evidencing it has performed no work on the lights located

at the intersection where the accident occurred, and Plaintiff does not rebut this contention. Defendants have established that TLS was fraudulently joined and, therefore, should not be considered for purposes of determining whether diversity jurisdiction exists.

**CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Remand this action to the District Court of Oklahoma County, Oklahoma [Doc. No. 20] is **DENIED**. In light of this ruling, Traffic and Lighting Systems, LLC is hereby dismissed from this action, without prejudice.[5]

IT IS SO ORDERED this 21st day of October, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5]Based on the foregoing analysis, the Court declines to address TLS's Motion to Dismiss and/or Motion for Summary Judgment [Doc. No. 11]. If a defendant is fraudulently joined and is disregarded as a party, the Court has no jurisdiction to resolve the merits of claims against him, and he must be dismissed without prejudice. *See Albert v. Smith's Food & Drug Centers, Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1217–18 (10th Cir. 2006) (if district court lacks jurisdiction, it is incapable of reaching a disposition on the merits, and dismissal must be without prejudice).