# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRUDY FERRELL, Individually and as Personal Representative of the ESTATE OF GREGORY FERRELL, deceased, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-15-404-D |
| BGF GLOBAL, LLC, et al., | ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant BGF Global, LLC's (BGF) Motion for Partial Summary Judgment [Doc. No. 31]. Plaintiff Trudy Ferrell, individually and as personal representative of the Estate of Gregory Ferrell, deceased, has filed her response in opposition [Doc. No. 32]. The matter is fully briefed and at issue.

## BACKGROUND

This action is the result of a collision at the intersection of S.E. 15th and S. Eastern Ave. in Oklahoma City between Plaintiff's husband, Gregory Ferrell, and Defendant Lawrence Dildine in which Mr. Ferrell suffered fatal injuries. At the time of the collision, Dildine was employed as a truck driver for BGF. Plaintiff alleges Dildine was traveling at an unsafe speed when he came upon a yellow light at the intersection, and instead of adhering to federal regulations regarding safety

in the operation and handling of a tractor trailer, chose to honk his horn and enter the intersection on a red light. Mr. Ferrell entered the intersection on a green light and collided with Dildine. Plaintiff alleges, among other things, that BGF is independently liable to Plaintiff for negligent hiring, training, re-training, supervision, retention, and entrustment.

The undisputed facts relevant to the present motion are brief and concise. Plaintiff alleges that, at the time of the accident, Dildine was an employee of BGF and acting within the scope of his employment. BGF admits Dildine was its employee and acting within the scope of his employment when the accident occurred. BGF, however, contends that pursuant to the Oklahoma Supreme Court's decision in *Jordan v. Cates*, 1997 OK 9, 935 P.2d 289, it bears no separate and independent liability to Plaintiff stemming from the accident. Plaintiff contends Defendant's reliance on *Jordan* is misplaced in that it only precludes a plaintiff's *double recovery*, but not the pursuit of *alternate* theories of recovery.

## DISCUSSION

The issue before the Court presents a pure question of law appropriate for resolution by summary judgment. Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Adair v. City of Muskogee*, 823 F.3d 1297, 1304 (10th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)). "To survive a motion for

summary judgment, a nonmoving party 'must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which he [or she] carries the burden of proof.' " *Christy v. Travelers Indem. Co. of Am.*, 810 F.3d 1220, 1233 (10th Cir. 2016) (citations omitted). Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' " *Burnette v. Dow Chemical Co.*, 849 F.2d 1269, 1273 (10th Cir. 1988) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).

In *Jordan*, a store visitor was involved in an altercation with an employee of the store. *Id*. at 291. The visitor alleged that during the course of the altercation, the employee assaulted and battered him. *Id*. He sought to recover against the store, as the employer of the offending employee, for its vicarious liability under the theory of respondeat superior. *Id*. Additionally, he brought a separate claim directly against the store for the negligent hiring and retention of the employee. *Id*. Recognizing the required elements to confer respondeat superior liability, the employer stipulated that the altercation occurred while its employee was acting within the scope of his employment and that it would be liable for any damages awarded by the jury. *Id*. at 292. In light of this admission, the trial court granted summary judgment to the employer on the negligent hiring and retention claim. *Id*.

The Oklahoma Supreme Court upheld the grant of summary judgment, concluding that:

> [T]he theory of negligent hiring and retention is available in a nonvicarious liability case or in a case where vicarious liability has not been established. In the case at bar, vicarious liability has been established through stipulation .... Our holding today is limited to those situations where the employer stipulates that liability, if any, would be under the respondeat superior doctrine, thereby making any other theory for imposing liability on the employer unnecessary and superfluous. Because vicarious liability can include liability for punitive damages, the theory of negligent hiring and retention imposes no further liability on the employer.

*Id*. at 293. In a second published opinion issued two years after *Jordan*, the Oklahoma Supreme Court reiterated this limitation on employer liability, holding: while "[e]mployers may be held liable for negligence in hiring, supervision or retaining an employee[,] th[is] theory of recovery is available if vicarious liability is not established." *N.H. v. Presbyterian Church (U.S.A.)*, 1999 OK 88, ¶ 20, 998 P.2d 592, 600.

Based on this clear pronouncement of Oklahoma law, the Court finds BGF's motion should be granted. The issue presented in BGF's motion – the availability of independent claims for negligence against an employer who admits respondeat superior liability – is not novel to the Court. This Court, and other federal courts in this district and Oklahoma have applied *Jordan* to negligence claims such as those asserted by Plaintiff, and have held such claims were similarly barred. *See, e.g., Simpson v. Kaya*, No. CIV-10-1093-D, 2012 WL 3518037, at *3 (W.D. Okla. Aug.

15, 2012) ("Because Defendant has stipulated to its liability for Mr. Kaya's conduct, Plaintiff's negligence claim based on Defendant's own conduct is unnecessary and superfluous. For these reasons, the Court finds that Defendant is entitled to summary judgment on Plaintiff's negligent hiring and entrustment theories."); *Oliver v. Soto.*, No. CIV-15-1106-R, 2016 WL 815343, at **1-2 (W.D. Okla. Feb. 29, 2016) (collecting cases). Moreover, the Court has rejected similar attempts to distinguish *Jordan*. *See Avery v. Roadrunner Transp. Services, Inc.*, No. CIV-11-1203-D, 2012 WL 6016899, at *3 (W.D. Okla. Dec. 3, 2012):

> Plaintiff's contentions ... are unpersuasive. First, the mere fact that negligent TSE/R is a recognized and independent cause of action under Oklahoma law is immaterial to the question concerning under what circumstances it may be maintained in a given lawsuit. *Jordan* speaks to this question, holding that when vicarious liability is established Oklahoma law does not permit a plaintiff to also proceed against an employer on a negligent TSE/R claim. ... Second ... the fact that a plaintiff may plead claims in the alternative is immaterial to whether a defendant is subsequently entitled to judgment as a matter of law on any one particular claim. Again, *Jordan* addresses the very question of when summary judgment is appropriate, concluding that additional theories of recovery against an employer are redundant when that employer stipulates that it will be vicariously liable for the actions of its employee.

Although Plaintiff contends other courts have ruled there are exceptions to *Jordan*, the Court finds its "determination is supported by the majority of authorities addressing the issue under Oklahoma law." *Id.* (citing cases). Thus, "[a]bsent a clear deviation from this established legal principle by the highest court

5

in Oklahoma," Plaintiff's claims of negligent hiring, training, re-training, supervision, retention, and entrustment will not be permitted to proceed.

## CONCLUSION

BGF's Motion for Partial Summary Judgment [Doc. No. 31] is **GRANTED** as set forth herein.

**IT IS SO ORDERED** this 18th day of August, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE