# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRUDY FERRELL, Individually and as Personal Representative of the ESTATE OF GREGORY FERRELL, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-15-404-D |
| BGF GLOBAL, LLC, et al., | ) ) | |
| Defendants. | ) | |

## ORDER

Defendant BGF Global, LLC ("BGF") objects to Magistrate Judge Gary Purcell's June 28, 2016 Order denying its Motion for Protective Order and Motion to Quash [Doc. No. 59]. The matter is fully briefed and at issue.

This action is the result of a collision at the intersection of S.E. 15th and S. Eastern Ave. in Oklahoma City between Plaintiff's husband, Gregory Ferrell, and Defendant Lawrence Dildine in which Mr. Ferrell suffered fatal injuries. At the time of the collision, Dildine was employed as a truck driver for BGF. Plaintiff alleged Dildine was traveling at an unsafe speed when he came upon a yellow light at the intersection, and instead of adhering to federal regulations regarding safety in the operation and handling of a tractor trailer, chose to honk his horn and enter the intersection on a red light. Mr. Ferrell entered the intersection on a green light and collided with Dildine. Plaintiff alleged, among other things, that BGF was

independently liable to Plaintiff for negligent hiring, supervision, training, retention, and entrustment. BGF admitted to potential liability under the doctrine of respondeat superior, in that Dildine was acting within the scope of his employment at the time of the accident.

Plaintiff submitted several discovery requests relating to the aforementioned negligence allegations. BGF objected to Plaintiff's requests on the grounds that its admission of respondeat superior liability rendered Plaintiff's independent negligence claims unnecessary and superfluous, as reflected in the Oklahoma Supreme Court's decision in *Jordan v. Cates*, 1997 OK 9, 935 P.2d 289.[1] BGF also objected to any production on the grounds such information was irrelevant because Plaintiff's claims failed as a matter of law and were at issue in its pending motion for summary judgment. Accordingly, BGF filed a Motion for Protective Order, requesting that the Court "enter an order precluding and/or limiting discovery with respect to Plaintiff's allegations of negligent hiring, training, re-training, supervision, retention and entrustment or otherwise as to claims of liability against BGF independent of respondeat superior." Def. Mot. for Protective Order at 1 [Doc. No. 40].

---

[1] *Jordan* states that a negligent-hiring theory imposes no additional liability on the employer where it stipulates its employee was acting within the scope of his employment when the harm-dealing incident occurred. *Id.* at 291. Oklahoma federal courts have generally extended *Jordan* to negligence claims. *See, e.g., Oliver v. Soto.*, No. CIV-15-1106-R, 2016 WL 815343, at **1-2 (W.D. Okla. Feb. 29, 2016) (collecting cases).

The matter was referred to Magistrate Judge Purcell pursuant to 28 U.S.C. § 636(b)(1)(A). Although Judge Purcell agreed with BGF's contention that *Jordan* and its progeny appeared to preclude Plaintiff's direct liability claims against BGF, he concluded that since such claims remained at issue, BGF had not shown that discovery relating to such claims was irrelevant. BGF timely filed its objection. Subsequent to Judge Purcell's ruling, the Court granted BGF's Motion for Partial Summary Judgment and found Plaintiff's negligence claims against BGF were precluded pursuant to *Jordan*.

Although the Court does not agree with BGF's contention that the magistrate judge's initial ruling was in error, subsequent developments, i.e., the Court's ruling on BGF's summary judgment motion, have rendered the issue moot. The scope of discovery is set forth in Fed. R. Civ. P. 26(b)(1), which provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The Court finds the discovery at issue does not relate to a claim or defense in the action, and Defendant's Motion for Protective Order and Motion to Quash should be granted.

Accordingly, the Magistrate Judge's Order denying Defendant's Motion for Protective Order and Motion to Quash [Doc. No. 59] is **SET ASIDE** as set forth herein. Plaintiff may, within **fourteen (14) days** of this order, file an amended

3

motion to compel if any discovery issues remain pending in light of this order and the Court's prior order granting BGF's Motion for Partial Summary Judgment.

**IT IS SO ORDERED** this 19th day of August, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE