# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRUDY FERRELL, individually and as personal representative of the ESTATE OF GREGORY FERRELL, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-15-404-D |
| BGF GLOBAL, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Pursuant to Rule 54(b), of the Federal Rules of Civil Procedure, Plaintiff moves for a certificate of appealability with respect to the Court's order granting Defendant BGF Global, LLC's (BGF) Motion for Partial Summary Judgment [Doc. No. 64]. BGF and Defendant Lawrance Dildine oppose the request [Doc. No. 74]. The matter is fully briefed and at issue.

## BACKGROUND

This action is the result of a collision at the intersection of S.E. 15th and S. Eastern Ave. in Oklahoma City between Plaintiff's husband, Gregory Ferrell, and Defendant Lawrence Dildine in which Mr. Ferrell suffered fatal injuries. At the time of the collision, Dildine was employed as a truck driver for BGF. Plaintiff alleges Dildine was traveling at an unsafe speed when he came upon a yellow light

at the intersection, and instead of adhering to federal regulations regarding safety in the operation and handling of a tractor trailer, chose to honk his horn and enter the intersection on a red light. Mr. Ferrell entered the intersection on a green light and collided with Dildine. Plaintiff alleges, among other things, that BGF is independently liable to Plaintiff for negligent hiring, training, re-training, supervision, retention, and entrustment.

BGF admitted Dildine was its employee and acting within the scope of his employment at the time of the accident. However, BGF contended it bore no separate and independent liability to Plaintiff stemming from the accident, specifically, for the torts of negligent hiring, training, re-training, supervision, retention, and entrustment, and moved for summary judgment on that basis. The Court granted BGF's motion, holding that under Oklahoma precedent, independent claims for negligence are not available against an employer who admits respondeat superior liability. *See* Order of Aug. 18, 2016 at 4-6 [Doc. No. 64].

## DISCUSSION

Plaintiff now moves for Rule 54(b) certification to appeal the Court's Order. "The purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." *Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001)

2

(internal citations and quotation marks omitted). However, the standard for certification under Rule 54(b) is not easily met:

> [A] certification under Rule 54(b) is only appropriate when a district court adheres strictly to the rule's requirement that a court make two express determinations. First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.

*Id*. at 1242 (internal citations omitted). "[A] judgment is not final for purpose of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved." *Id*. at 1243. Courts focus on two factors in determining separability: "(1) the factual overlap (or lack thereof) between the claims disposed of and the remaining claims, and (2) whether the claims disposed of and the remaining claims seek separate relief." *Id*. at 1242 (quoting *Moore's Federal Practice* 3d § 202.06 [2]).

Plaintiff contends the claims at issue against BGF are separate and distinct from the ones remaining, and therefore final judgment should be entered as to these claims. *See* Mot. at 3. The Court disagrees. Under Oklahoma law, the doctrine of respondeat superior holds a corporation, as employer, liable for the torts of its employees acting within the scope of employment. *Magnum Foods, Inc. v. Continental Cas. Co.*, 36 F.3d 1491, 1499 (10th Cir. 1994). Plaintiff's remaining claims allege Dildine was negligent in that he, among other things, (1) failed to

3

keep a proper lookout; (2) drove at a high rate of speed; (3) failed to timely apply his brakes; and (4) failed to operate his vehicle in a safe and prudent manner. Petition at 6-7 [Doc. No. 1-2]. Plaintiff's dismissed negligence claims against BGF asserted, *inter alia*, that it owed a duty to not permit its vehicle to be driven by a person it knew, or reasonably should have known, to be an incompetent or reckless driver. *Id*. at 10. Plaintiff contended BGF owed a duty to properly train and teach Dildine how to properly operate a tractor trailer, *id*., and BGF was negligent in hiring and retaining someone it knew to be incompetent and/or reckless. *Id*. at 10-11. Plaintiff also alleged that Dildine and BGF's negligent acts were the proximate cause of the injuries to the decedent. *Id*. at ¶¶ 46, 61. Lastly, Plaintiff contends "BGF ... [is] responsible under respondeat superior, and vicariously liable for any damages resulting from any negligence accomplished by Defendant Dildine, an employee and individual under [its] management, direction, and control[.]" *Id*. at 14-15.

BGF's liability turns on the threshold determination of whether Dildine was negligent. As shown above, the claims resolved on BGF's summary judgment motion and Plaintiff's remaining claims arise from the same operative facts, involve significant factual overlap, and seek to recover for the same underlying injury. Accordingly, the Court finds its Order granting BGF's Motion for Partial

Summary Judgment does not constitute a "final order" for purposes of certification under Rule 54(b) and Plaintiff's motion should be denied.

## CONCLUSION

Plaintiff's Motion for a Certificate of Appealability Pursuant to Federal Rule of Civil Procedure 54(b) [Doc. No. 71] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 28th day of December, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE