# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRUDY FERRELL, individually and as personal representative of the ESTATE OF GREGORY FERRELL, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-15-404-D |
| BGF GLOBAL, LLC, | ) ) ) | |
| Defendants. | ) | |

# **ORDER**

On November, 2, 2014, Plaintiff's husband was killed in a traffic accident with a tractor trailer truck driven by Defendant Lawrance Dildine. Plaintiff brought the present action against Dildine, his employer, Defendant BGF Global, LLC, and other defendants, alleging Dildine was negligent and acting within the scope of his employment at the time of the accident. Plaintiff also alleged BGF was independently liable under the theories of negligent hiring, training, re-training, supervision, retention, and entrustment.

On November 11, 2015, BGF moved for summary judgment, alleging that pursuant to the Oklahoma Supreme Court's decision in *Jordan v. Cates*, 1997 OK 9, 935 P.2d 289, it bore no separate and independent liability to Plaintiff since it conceded Dildine was its employee and acting within the scope of his employment

when the accident occurred. The Court granted BGF's Motion, concluding that under the weight of relevant authority considering the issue, Plaintiff's claims of negligent hiring, training, re-training, supervision, retention, and entrustment should be dismissed as a matter of law. *See Ferrell v. BGF Global, LLC*, No. CIV-15-404-D, 2016 WL 4402050, at *2 (W.D. Okla. Aug. 18, 2016).[1]

On May 8, 2017, Dildine and BGF filed a subsequent Motion for Partial Summary Judgment With Respect to Certain Damages [Doc. No. 103]. Plaintiff has moved to strike this Motion on the grounds it violates LCvR 56.1(a), which states that "[a]bsent leave of court, **each party** may file only **one** motion [for summary judgment] under Fed. R. Civ. P. 56." (emphasis added).

The Court finds Plaintiff's Motion should be denied. Although the rule, on its face, operates to prohibit BGF from filing a successive motion for summary judgment without leave of Court, Dildine was not part of BGF's first motion and the issue presented in BGF's motion – the availability of independent claims for negligence against an employer who admitted respondeat superior liability – had no effect on his respective liability. Moreover, the Court finds that striking the present motion under these circumstances would be antithetical to the purpose of summary judgment, which is to narrow the issues for trial. *See Burnette v. Dow Chemical Co.*,

---

[1] Plaintiff has filed a Motion for Reconsideration, asking the Court to rescind its decision in light of an alleged intervening change in controlling law [Doc. No. 94].

849 F.2d 1269, 1273 (10th Cir. 1988) (noting that summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).

Accordingly, Plaintiff's Motion to Strike Defendants' Second Motion for Partial Summary Judgment [Doc. No. 106] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this **9th** day of August 2017.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE