# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRUDY FERRELL, individually and as personal representative of the ESTATE OF GREGORY FERRELL, deceased, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-15-404-D<br>) |
| BGF GLOBAL, LLC, et al., | )<br>) |
| Defendants. | ) |

## ORDER

Plaintiff moves the Court to reconsider its Order of August 18, 2016 [Doc. No. 64], which granted Defendant BGF Global, LLC's Motion for Partial Summary Judgment [Doc. No. 94]. Relying on recent cases from other courts in this district, and previous decisions from the Oklahoma Supreme Court, namely, *Sheffer v. Carolina Forge Co.*, LLC, 2013 OK 48, 306 P.3d 544, Plaintiff asks that the Court revive her negligent entrustment claim against BGF. BGF has filed its response in opposition [Doc. No. 96]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff's husband was killed when his car collided with a truck driven by Defendant Lawrence Dildine. At the time of the collision, Dildine was employed as a truck driver for BGF and BGF stipulated Dildine was acting within the scope of

his employment when the accident occurred. BGF moved for summary judgment on the grounds that, pursuant to the Oklahoma Supreme Court's decision in *Jordan v. Cates*, 1997 OK 9, 935 P.2d 289, it bore no independent liability to Plaintiff stemming from the accident. *Jordan* held that, generally, where an employer stipulates that any liability would be appropriate under the respondeat superior doctrine, any other theory for imposing liability on the employer would be "unnecessary and superfluous." *Id.* at 293. Two years after *Jordan*, the Oklahoma Supreme Court reiterated this limitation on employer liability, holding that although "[e]mployers may be held liable for negligence in hiring, supervision or retaining an employee[,] th[is] theory of recovery is available if vicarious liability is not established." *N.H. v. Presbyterian Church (U.S.A.)*, 1999 OK 88, ¶ 20, 998 P.2d 592, 600. Accordingly, the Court granted BGF's motion and held Plaintiff's ancillary claims of liability against BGF (negligent hiring, training, re-training, supervision, retention, and entrustment) were barred as a matter of law.

Plaintiff contends that intervening decisions from other courts in this district, and the Oklahoma Supreme Court's "clarification" of its application of *Sheffer* to negligent entrustment claims, require the Court to vacate the dismissal of her negligent entrustment claim against BGF.

## STANDARD OF DECISION

Technically, "[a] motion for reconsideration [is] not recognized by the Federal Rules of Civil Procedure." *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002). The Court construes such motions as filed pursuant to Rule 59(e)(motions to alter or amend a judgment) or Rule 60(b)(relief from a final judgment, order, or proceeding), depending on the asserted justification for, and timing of, the motion. *Id.*; *compare Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."), *with* Fed. R. Civ. P. 60(b) (justifying relief for reasons such as "mistake, inadvertence, surprise . . . excusable neglect . . . newly discovered evidence . . . [or] fraud"). A motion to reconsider is thus appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Servants of Paraclete*, 204 F.3d at 1012. A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Id.*

Plaintiff's motion relies on Rule 59(e), which allows for reconsideration upon an intervening change in controlling law. *See* Pl. Mot. at 5 ("[T]he instant Motion should be reviewed under Federal Rule of Civil Procedure 59(e) which allow[s] for

reconsideration of an interlocutory order upon an intervening change in controlling law."). With respect to what constitutes an "intervening change in controlling law," federal courts (including those in this circuit) have noted the "controlling law" at issue must be precedential. *See, e.g., McNeese Photography, L.L.C. v. Access Midstream Partners, L.P.*, No. CIV-14-503-D, 2016 WL 1312630, at *3 (W.D. Okla. Apr. 4, 2016) (collecting cases); *United States ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56, 59 (E.D. Va. 2016) ("[A] decision that is not controlling precedent is not an intervening change in the controlling law for purposes of a motion for reconsideration.").

## DISCUSSION

In *Sheffer*, the plaintiffs were injured when their tractor-trailer collided with a vehicle driven by employees of Carolina Forge Company, L.L.C. ("Carolina"). The plaintiffs sued Carolina under theories of respondeat superior and negligent entrustment. The trial court granted summary judgment to Carolina, finding the employees were not acting within the scope of their employment at the time of the accident and Carolina did not negligently entrust the vehicle to the employees. However, the Oklahoma Supreme Court reversed, holding that reasonable minds could have differed on the questions of whether the employees were in the scope of their employment at the time of the accident and whether Carolina negligently entrusted the vehicle to them.

4

Relevant to the instant motion, the *Sheffer* Court rejected Carolina's argument that it could not be held liable for negligent entrustment unless the Plaintiffs first established the employees were acting within the scope of their employment at the time of the accident. It stated, "[l]iability for negligent entrustment arises from the act of entrustment, not the relationship of the parties. … As such, when an employer provides an employee with a vehicle, whether the negligent act was done during the course and scope of an employee's employment is not relevant to the negligent entrustment analysis." *Sheffer*, 306 P.3d at 550 (citation omitted). The Court did not reference *Jordan* in reaching its conclusion.

Subsequent to *Sheffer*, courts in this district, as well as the Northern District of Oklahoma, have distinguished it from *Jordan* on the grounds that in *Sheffer*, unlike *Jordan*, the employer *did not stipulate* that its employees were acting within the scope of their employment at the time of the tortious act. Indeed, in *Isso v. Western Express, Inc.*, No. CIV-14-109-R, 2015 WL 4392851 (W.D. Okla. July 15, 2015), after making the foregoing observation, Judge Russell further noted that:

> As such, the direct claim for negligent entrustment [in *Sheffer*] was not superfluous. If the plaintiffs failed to prove that the employees were acting within the scope of their employment, they could nevertheless prevail on a theory of negligent entrustment. The court's finding that "whether the negligent act was done during the course and scope of an employee's employment is not relevant to the negligent entrustment analysis," was therefore not unexpected or inconsistent with *Jordan*. Indeed it does not appear that the Supreme Court of Oklahoma was concerned with the issues raised in *Jordan*, which was not referenced in the opinion, likely because it did not apply in light of the dispute

5

regarding the scope of employment. This Court's conclusion in this regard is consistent with the majority of jurisdictions to have considered the issue.

*Id*. at *2. *See also Cardenas v. Ori*, No. CIV-14-386-R, 2015 WL 2213510, at *3 (W.D. Okla. May 11, 2015) (noting distinction between *Jordan* and *Sheffer*, and dismissing, *inter alia*, negligent entrustment claim in light of defendant's stipulation that employees were acting within scope of employment); *Barnes v. Western Express, Inc.*, No. CIV-14-574-R, 2015 WL 2131353, at **2-3 (W.D. Okla. May 7, 2015) (same).

In *Davis-Pashica v. Two Buds Trucking, LLC*, No. 16-CV-257-GKF-FHM, 2017 WL 2713332 (N.D. Okla. Jan. 5, 2017), Judge Frizzell of the Northern District of Oklahoma rejected the plaintiff's argument that *Jordan* did not govern negligent entrustment claims since such claims did not depend on the existence of an employer-employee relationship. He noted that:

> [Plaintiff's] proposition is certainly true, as such claims are often brought against an insured owner of a motor vehicle for the alleged negligent entrustment of that vehicle to an uninsured or underinsured relative or friend. But as a practical matter, it does not speak to the prospect for double-recovery in the vicarious liability context. Indeed, in [*Sheffer*]—cited by plaintiff—the employer did not stipulate that its employees were acting within the scope of their employment ... As such, the direct claim for negligent entrustment was not superfluous. In other words, in *Sheffer*, the Oklahoma Supreme Court had no opportunity to confront *Jordan's* application to negligent entrustment claims at all.

*See id*. at *2 (internal citations omitted, paraphrasing added).

6

Still, other courts, citing *Sheffer*, have declined to dismiss negligent entrustment claims at either the pleading or summary judgment stages. In *Anaya v. Hutto*, No. CIV-16-1030-HE (W.D. Okla.), the plaintiff asserted negligence claims against the defendants based on respondeat superior. The corporate defendant stipulated its employee was acting within the scope of employment and moved to dismiss the remaining negligence claims. Although he dismissed the plaintiff's negligent hiring, retention and supervision claims, Judge Heaton declined to dismiss the plaintiff's negligent entrustment claim, holding "[i]t is unclear whether *Sheffer*, which does not mention *Jordan*, actually changes the law as to negligent entrustment or other claims in these circumstances. … In these circumstances, the court concludes it is premature to dismiss the negligent entrustment claim at the pleading stage of the case." *See* Order, Dec. 5, 2016 at 4 [Doc. No. 28]. *But see Davis-Pashica*, 2017 WL 2713332, at *3 ("[T]he fact that a plaintiff may plead claims in the alternative is immaterial to whether a defendant is subsequently entitled to judgment as a matter of law on any one particular claim. *Jordan* speaks to the very question of *when* summary judgment is appropriate.") (citing *Avery v. Roadrunner Transp. Servs., Inc.*, No. CIV-11-1203-D, 2012 WL 6016899, at *3 (W.D. Okla. Dec. 4, 2012) (emphasis in original, internal quotations omitted).[1]

---

[1] In this regard, Plaintiff also relies on *Brantley v. Prince*, No. 115,434 (Okla. Dec. 5, 2016), in which the Oklahoma Supreme Court, in a 5-4 decision, cited *Sheffer* in issuing a writ of mandamus against the district court "to allow the plaintiff the

Moreover, in *Hunter v. N.Y. Marine & General Ins. Co.*, No. CIV-16-1113-W (W.D. Okla.), the plaintiff sued for injuries after colliding with a semi-truck. The truck driver's employer stipulated to scope of employment. Judge West granted the employer's motion for summary judgment as to all negligence claims except for negligent entrustment, holding "[the plaintiff's] allegation in her state court petition that [defendant] was negligent in entrusting the semi-tractor and trailer rig to [the driver] gives rise to a separate and independent theory of relief that may be actionable despite [the defendant's] stipulation that [the driver] was acting within the course and scope of his employment at the time of the accident[.]" *See* Order, Jan. 18, 2017 at 9 [Doc. No. 22]. In his Order, Judge West cited Judge Heaton's aforementioned observation on the uncertainty surrounding *Sheffer's* effect on *Jordan*, and other decisions from this district finding that notwithstanding any factual dispute regarding the employer's knowledge, a stipulation as to vicarious liability precluded any negligent entrustment claim. *See id*. at 8-9, n. 10, 11.[2]

---

opportunity to amend her petition to assert a claim for negligent entrustment." Due to the absence of any supporting rationale for its decision, the Court declines to consider an unpublished order as an affirmative statement of the Oklahoma Supreme Court's position on negligent entrustment claims under *Jordan*. *Compare Davis-Pashica*, 2017 WL 2713332, at *2 n. 2 (declining to consider Court's denial of writ of prohibition as affirmative statement on *Jordan's* effect). Indeed, the *Brantley* court also cited *Howell v. James*, 1991 OK 47, 818 P.2d 444 for the proposition that parties should be allowed to plead inconsistent or alternate theories of recovery.

[2] Also, in *Warner v. Miller*, No. CIV-16-305-HE (W.D. Okla.), Judge Heaton declined to dispose of the plaintiff's negligent entrustment claim at the summary

As an initial matter, the decisions from other judges in this district are not "controlling" for purposes of a motion to reconsider under Rule 59(e). "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n. 7 (2011) (citation omitted); *see also American Elec. Power Co. v. Connecticut*, 564 U.S. 410, 428 (2011); *Garcia v. Tyson Foods, Inc.*, 534 F.3d 1320, 1329 (10th Cir. 2008). Although the Court respects its sister courts' decisions and reasoning, and such decisions are certainly influential, it remains unpersuaded that these decisions, as well as *Sheffer*, support Plaintiff's proposition that the Oklahoma Supreme Court "clarified" its position on negligent entrustment claims post-*Jordan*.

First, *Sheffer* was in existence when the Court granted BGF's initial motion for summary judgment. It therefore cannot constitute an "intervening" change in

---

judgment stage. Citing the *Brantley* writ, Judge Heaton observed that the writ's issuance "suggested some indication that the Oklahoma Supreme Court views claims for negligent entrustment as not being necessarily barred by *Jordan* and a scope stipulation." *See id.*, Order, Feb. 10, 2017 at 5 [Doc. No. 39]. In another case, Judge Heaton granted a plaintiff's motion to reconsider his previous order granting the defendant's motion for judgment on the pleadings and allowed the negligent entrustment claim to proceed, again citing *Brantley's* ostensible effect on *Jordan*. *See* Order in *Snyder v. Moore*, No. CIV-15-865-HE (W.D. Okla. Mar. 16, 2017) [Doc. No. 77].

9

controlling law for purposes of a motion to reconsider.³ Notwithstanding this chronological distinction, *Sheffer* is factually distinguishable from the present case. As noted, in *Sheffer*, there was a factual dispute over whether the employees were acting within the scope of employment at the time of the accident. Therefore, under the facts presented to the court, *Jordan* was not applicable. The court was presumably aware of *Jordan* when it issued its opinion, yet it did not appear concerned with *Sheffer's* effect on *Jordan*, which, as other courts have noted, was likely because *Jordan* did not apply in light of the dispute regarding the scope of employment. Here, BGF does not dispute that Dildine was acting within the scope of his employment at the time of the accident in question. Consequently, in the absence of further guidance from the Oklahoma Supreme Court, the Court finds *Jordan* remains applicable to Plaintiff's negligent entrustment claim.

## CONCLUSION

In short, the Court is not aware of any controlling authority – via *Sheffer* or otherwise – that explicitly overrules *Jordan's* holding that where an employer stipulates that an employee is acting within the scope of employment, any other

---

³ Moreover, in this regard, Plaintiff notably did not reference *Sheffer* in response to BGF's motion for summary judgment. *See generally* Pl. Resp. to Mot. for Summ. J. [Doc. No. 32]. Accordingly, her Motion is subject to dismissal based on the fact it contains arguments that could have been previously raised. *Servants of Paraclete*, 204 F.3d at 1012 (a motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier).

theory for imposing liability on the employer would be unnecessary and superfluous. Accordingly, Plaintiff's Motion for Reconsideration [Doc. No. 94] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 30th day of October 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE