# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRUDY FERRELL, individually and<br>as personal representative of the<br>ESTATE OF GREGORY FERRELL,<br>deceased,<br><br>    Plaintiff,<br><br>v.<br><br>BGF GLOBAL, LLC, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-15-404-D |

## ORDER

Before the Court is Defendants' Motion to Strike (Daubert), Motion in Limine and Brief in Support as to Plaintiff's Expert Ron Blevins [Doc. No. 105]. Plaintiff has filed her responses in opposition [Doc. Nos. 118, 120], and Defendants have replied [Doc. Nos. 121, 122]. The matter is fully briefed and at issue.

## BACKGROUND

This action stems from an automobile accident in which Plaintiff's husband, Gregory, was killed when his car collided with a semi-truck driven by Defendant Lawrance Dildine. At the time of the accident, Dildine was employed as a truck driver for Defendant BGF Global, LLC (BGF). BGF has stipulated Dildine was acting within the scope of his employment when the accident occurred. In support of her claims against BGF and Dildine, Plaintiff retained accident reconstructionist

Ron Blevins as an expert witness. Blevins is president of Blevins Enterprises, Inc. He has been involved in accident reconstruction for thirty years and served in the Oklahoma City Police Department (OCPD) for twenty-four years. While with the OCPD, Blevins supervised the Traffic Investigations Unit for eight years. During his time as an accident investigator, Blevins investigated thousands of traffic accidents. He has reconstructed accidents for district attorneys, provided extensive training to officers regarding traffic-related matters, and has testified in numerous state and federal cases.

On April 6, 2017, Blevins provided his expert report with respect to the accident at issue. Defendants move to strike Blevins' report on the grounds that (1) his opinions do not assist the trier of fact to understand the evidence or to determine a fact in issue; (2) Blevins is unqualified to render many of the opinions, especially as they relate to digitally downloaded information; and (3) the opinions are unreliable.

## STANDARD

Rule 702 of the Federal Rules of Evidence imposes upon the Court an important "gate-keeping" function with regard to the admissibility of expert opinions. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In considering whether an expert's opinion is admissible, the Court performs a two-step analysis. First, the Court determines whether the expert is qualified by knowledge, skill, experience, training or education to render the opinion that the expert offers. Second, if the expert is so qualified, the Court must decide whether the expert's opinion is reliable under the principles set forth in the seminal cases of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), and would assist the fact finder. *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006); *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001). "If expert testimony is not reliable under *Daubert/Kumho*, it is not admissible under Rule 702." *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1215 n. 1 (10th Cir. 2011).

Courts have broad discretion in determining the admissibility of expert testimony. *Taylor v. Cooper Tire & Rubber Co.*, 130 F.3d 1395, 1397 (10th Cir. 1997). A district court also has broad discretion to decide "how to assess an expert's reliability, including what procedures to utilize in making that assessment, as well

as in making the ultimate determination of reliability." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1223 (10th Cir. 2003) (citing *Kumho Tire*, 526 U.S. at 152; *United States v. Velarde*, 214 F.3d 1204, 1208-09 (10th Cir. 2000)).

**DISCUSSION**

Upon review of the expert report and attendant evidence, the Court finds that Blevins' proposed testimony should be substantially curtailed because despite his extensive experience and qualifications regarding traffic accidents, his opinions are largely inadmissible in that they do not assist the trier of fact to understand the evidence or to determine a fact in issue. *See Thompson v. State Farm Fire and Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1994) (noting that the "touchstone" of admissibility under Rule 702 is helpfulness to the trier of fact) (citing *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 648 (10th Cir. 1991)).[1]

For example, the opinions recorded on pages 4-9 of Blevins' report[2] are mere factual observations gleaned from other evidence readily available in the record, such as deposition transcripts, reports from the Oklahoma City Police Department,

---

[1] The Court recognizes that findings of reliability under *Daubert* are to be made on a case-by-case basis. However, the Court has had a prior opportunity to review Blevins' methodology and opinions in another traffic accident case and finds many of the deficiencies found there exist here as well. *See* Order, Dec. 12, 2016 [Doc. No. 58] in *Carroll v. United States*, No. CIV-15-674-D (W.D. Okla.).

[2] Blevins' report contains numerous duplicative paragraph numbers. Accordingly, for clarity, the Court references the subject opinion by its corresponding page number.

witness statements, 911 recordings, and data downloaded from the air bag module (ABM) from Mr. Ferrell's vehicle. This information was not subjected to any scientific process or other method of analysis beyond that within the capabilities of the average juror. Such recitations, without more, are not helpful but are merely cumulative and duplicative of evidence that will presumably be presented to the jury during trial. Moreover, Opinion Nos. 16-17 (located on pages 9 through 10 of the Report) largely consist of speculation about Ferrell and Dildine's actions and attendant responsibilities from data taken from Mr. Ferrell's ABM, without the aid of any substantive analysis. However, Blevins may testify regarding the data downloaded from the ABM and his calculations of stopping distance, as they relate to whether Dildine could have stopped within a certain distance/time after perceiving a yellow or red light. The Court is convinced of the reliability of the data and methodology used in formulating this opinion and Blevins' qualifications to interpret such information.[3]

---

[3] As noted above, Blevins' report repeats factual observations gleaned from conflicting witness accounts about the accident. To this end, Blevins may not offer expert testimony to merely collect the conflicting accounts and state his belief about a certain witnesses' credibility. The role of an expert is not to tell the jury whom to believe about a disputed issue of fact. *United States v. Hill*, 749 F.3d 1250, 1258 (10th Cir. 2014); *Pioneer Centres Holding Co. Employee Stock Ownership Plan and Trust v. Alerus Financial, N.A.*, 858 F.3d 1324, 1343 (10th Cir. 2017) (noting expert witness cannot state legal conclusions by passing upon weight or credibility of the evidence).

Lastly, Opinion Nos. 18-19 (located on page 10) state that Dildine "could have and should have been able to prevent this accident from happening," had plenty of time to stop, and that Ferrell entered on a green light signal and "was proceeding in a lawful manner and did not cause or contribute to the cause of this accident." These statements are plainly inadmissible because an expert may not state legal conclusions and tell the jury what result to reach. *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988); Fed. R. Evid. 704 advisory committee's note.

"A review of the caselaw after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 advisory committee's note to 2000 amendment. As the Court in *Daubert* noted, vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. *Daubert*, 509 U.S. at 596. However, this policy must be balanced against the Court's gatekeeping responsibility to protect against the admission of expert testimony that is unhelpful to the jury.

## CONCLUSION

Accordingly, Defendants' Motion to Strike (Daubert), Motion in Limine and Brief in Support as to Plaintiff's Expert Ron Blevins [Doc. No. 105] is **GRANTED IN PART** as set forth herein. By this Order, Defendant's Motion in Limine is deemed **MOOT**.

**IT IS SO ORDERED** this 2nd day of February 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE