# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRUDY FERRELL, individually and as personal representative of the ESTATE OF GREGORY FERRELL, deceased, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-15-404-D ) |
| BGF GLOBAL, LLC, et al., | ) ) |
| Defendants. | ) |

## ORDER

Plaintiff's husband, Gregory, was killed when his car collided with a semi-truck driven by Defendant Lawrance Dildine. At the time of the collision, Dildine was employed as a truck driver for Defendant BGF Global, LLC (BGF) and BGF stipulated Dildine was acting within the scope of his employment when the accident occurred. Among other claims, Plaintiff seeks damages for wrongful death. *See* Petition at 16 [Doc. No. 1-2]. Oklahoma's wrongful death statute, 12 OKLA. STAT. § 1053(A), provides:

> When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his or her personal representative if he or she is also deceased, if the former might have maintained an action, had he or she lived, against the latter, or his or her representative, for an injury for the same act or omission.

The damages recoverable in wrongful death actions include: (1) the loss of financial support of contributions of money to the surviving spouse and children; (2) the grief of the surviving spouse; (3) the loss of the society, services, companionship, and marriage relationship of the surviving spouse; (4) the grief of the children and parents of the decedent; (5) the loss of companionship and parental care, training, guidance, or education that would have been forthcoming from the decedent to the children, and the loss of companionship of the decedent by the children; (6) the loss of the companionship of the decedent by his parents; (7) the decedent's pain and suffering; (8) the decedent's mental pain and anguish; and (9) the medical and burial expenses. *See* 12 OKLA. STAT. § 1053(B); *see also* OUJI-CIV No. 8.1.

Before the Court is Defendants' Motion for Partial Summary Judgment With Respect To Certain Damages [Doc. No. 103]. Defendants move for an order granting them judgment with respect to certain damages asserted by Plaintiff, specifically: (1) economic/pecuniary damages, (2) damages for conscious pain and suffering of the Decedent, (3) claims for damages on behalf of the Decedent's parents beyond those permissible under Oklahoma law, and (4) punitive damages. Mot. at 1. Plaintiff has filed her response in opposition [Doc. No. 111] and Defendants have replied [Doc. No. 114]. The matter is fully briefed and at issue.[1]

---

[1] Plaintiff states she does not intend to seek economic/pecuniary damages or damages for Decedent's parents in excess of what is permissible under statute. Pl. Resp. at 2. Defendants' Motion is thus deemed moot with respect to these categories.

## BACKGROUND[2]

The semi-truck driven by Dildine "t-boned" Mr. Ferrell's vehicle on the driver's side door. The impact caused massive damage to Mr. Ferrell's vehicle and he was still in the driver's seat when police officers arrived on the scene. Data downloaded from the airbag control module in Mr. Ferrell's vehicle showed that one (1) second prior to the crash, Mr. Ferrell's throttle was at 100%; comparatively, two (2) seconds prior to the crash, Mr. Ferrell's throttle was at 42%. The officers investigating the scene testified that Mr. Ferrell did not survive the accident for any period of time and informed his father that he was killed instantly. Plaintiff testified she has no knowledge whether Mr. Ferrell suffered any conscious pain and suffering.

Dildine was on his cell phone when the accident occurred and had been on the phone for several hours while driving that afternoon. Dildine routinely talks on his phone for long periods of time while driving. He still regularly talks on his cell phone while driving his truck. At the time of the accident, BGF had in effect a company policy that prohibited cell phone use while driving. This policy was implemented to reduce exposure to accidents and injuries. Dildine, however, considered many of BGF's policies "generic" and believed he only had to comply with them "to a

---

[2] In light of Plaintiff's aforementioned concession, the following facts are considered material only to the issues of Plaintiff's claim for damages for the Decedent's conscious pain and suffering and punitive damages.

degree." Dildine was limited by federal regulations to seventy (70) duty hours over any eight-day period.[3] On the day of the accident, Dildine was at the 70 hour maximum duty time limit. GPS Logs for Dildine's vehicle also indicated discrepancies in his handwritten logs, including one on Monday, November 24, 2014, where Dildine's logs indicated he stopped driving at 8:15 p.m., but GPS data showed his vehicle traveling at highway speeds until after 10:00 p.m.

### STANDARD OF DECISION

Rule 56(a), Federal Rules of Civil Procedure, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court views the material undisputed facts in the light most favorable to the non-moving party. *T.D. v. Patton*, 868 F.3d 1209, 1219 (10th Cir. 2017). The Court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter asserted, but to determine whether there is a genuine issue for trial. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015). An issue is "genuine" if there is sufficient evidence on each side so that a rational trier of fact

---

[3] Dildine and BGF acknowledged applicability of the "Interstate Truck Driver's Guide to Hours of Service" handbook at the time Dildine was employed by BGF. That handbook states that the purpose of duty hour regulations is to keep fatigued drivers off public roadways and help reduce the possibility of driver fatigue.

could resolve the issue either way. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). An issue of fact is "material" if under the substantive law it is essential to the proper disposition of the claim. *Id.*

Once the moving party has met its burden, the burden shifts to the nonmoving party to present sufficient evidence in specific, factual form to establish a genuine factual dispute. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest upon the mere allegations or denials of its pleadings. Rather, it must go beyond the pleadings and establish, through admissible evidence, that there is a genuine issue of material fact that must be resolved by the trier of fact. *Salehpoor v. Shahinpoor*, 358 F.3d 782, 786 (10th Cir. 2004). Unsupported conclusory allegations do not create an issue of fact. *Finstuen v. Crutcher*, 496 F.3d 1139, 1144 (10th Cir. 2007).

## DISCUSSION

### I. Conscious Pain and Suffering

BGF contends that without evidence Mr. Ferrell was ever conscious after receiving injury, Plaintiff's demand for damages relating to conscious pain and suffering must fail as a matter of law. Mot. at 7-8. Indeed, in order to receive damages for conscious pain and suffering, Plaintiff has the burden of proving that the decedent suffered some conscious pain prior to death. *Jines v. City of Norman*, 1960 OK 114, ¶ 18, 351 P.2d 1048, 1052. Plaintiff responds that (1) the police

officers' opinion that Mr. Ferrell died immediately does not establish that he undoubtedly died upon impact, and (2) Plaintiff is entitled to recover damages for the mental anguish or "pre-impact terror" Mr. Ferrell experienced prior to the accident. Pl. Resp. at 10.

Although Plaintiff disputes the sufficiency of the officers' testimony, at the summary judgment stage, she has the duty of going beyond the pleadings and establish, through admissible evidence, that there is a genuine issue of material fact that must be resolved by the trier of fact. *Salehpoor*, 358 F.3d at 786. With respect to the issue of conscious pain and suffering, Plaintiff has not carried her burden and the Court finds summary judgment should be granted on this issue. Plaintiff points to no evidence on this issue that creates a genuine issue of material fact for jury determination. With respect to Plaintiff's claims for mental anguish, the parties agree that Oklahoma has not specifically recognized a claim for "pre-impact" mental anguish. It does, however, permit recovery of damages for decedent's mental pain and anguish. *See* 12 OKLA. STAT. § 1053(B).

As stated above, the Court's function at the summary judgment stage is not to weigh the evidence but to determine whether there is a genuine issue for trial. On this issue, the Court finds there is conflicting evidence on what inferences may be drawn from the Decedent's actions at the time of the accident, and the matter is best

resolved by a jury with proper instructions. Accordingly, Defendants' Motion, to the extent it may be construed as applicable to this issue, is denied.

## II. Punitive Damages

BGF also contends Plaintiff has not presented, and cannot present, any evidence to support the imposition of punitive damages. Generally, punitive damages may be awarded under 23 OKLA. STAT. § 9.1 where the jury finds by clear and convincing evidence that the defendant either: (1) acted intentionally and with malice towards others or (2) is guilty of reckless disregard for the rights of others. Under the facts in the record, which are viewed in the light most favorable to Plaintiff, Plaintiff has presented evidence of Dildine being on his cell phone at or near the time of the accident and ignoring company policy regarding the use of cell phones while driving. Plaintiff has also presented sufficient evidence showing a genuine dispute over whether Dildine was driving during excessive hours. The Court finds reasonable people may disagree on the character of Dildine's conduct and whether it warrants imposition of punitive damages. Therefore, this issue may not be disposed of on summary judgment. *See, e.g., Shipley v. Fairfield Trucking, Inc.*, No. 11-cv-02639, 2012 WL 12906360, at *3 (W.D. Tenn. July 3, 2012) (question of fact as to whether truck driver's alleged use of cell phone at time of accident allowed for punitive damages). Defendants' Motion on this issue is denied.

## CONCLUSION

Defendants' Motion for Partial Summary Judgment With Respect To Certain Damages [Doc. No. 103] is **GRANTED IN PART** and **DENIED IN PART** as set forth herein. Defendants' Motion is **GRANTED** as to Plaintiff's claim for conscious pain and suffering, but **DENIED** as to Plaintiff's claims for mental anguish and punitive damages.

**IT IS SO ORDERED** this 6th day of February 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE