# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRUDY FERRELL, individually and as personal representative of the ESTATE OF GREGORY FERRELL, deceased, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. CIV-15-404-D |
| BGF GLOBAL, LLC, et al., | ) ) ) |
| Defendants. | ) |

# ORDER

Before the Court is Defendants' Motion to Strike (Daubert), Motion in Limine and Brief in Support as to Plaintiff's Expert Larry Cole [Doc. No. 104]. Plaintiff has filed her responses in opposition [Doc. Nos. 117, 119], and Defendants have replied [Doc. Nos. 123, 124]. The matter is fully briefed and at issue.

Rule 702 of the Federal Rules of Evidence imposes upon the Court an important "gate-keeping" function with regard to the admissibility of expert opinions. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods;

      and
(d)    the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In considering whether an expert's opinion is admissible, the Court performs a two-step analysis. First, the Court determines whether the expert is qualified by knowledge, skill, experience, training or education to render the opinion that the expert offers. Second, if the expert is so qualified, the Court must decide whether the expert's opinion is reliable under the principles set forth in the seminal cases of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) and would assist the fact finder. *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006); *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001). "If expert testimony is not reliable under *Daubert/Kumho*, it is not admissible under Rule 702." *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1215 n. 1 (10th Cir. 2011).

     Courts have broad discretion in determining the admissibility of expert testimony. *Taylor v. Cooper Tire & Rubber Co.*, 130 F.3d 1395, 1397 (10th Cir. 1997). A district court also has broad discretion to decide "how to assess an expert's reliability, including what procedures to utilize in making that assessment, as well as in making the ultimate determination of reliability." *Dodge v. Cotter Corp.*, 328

F.3d 1212, 1223 (10th Cir. 2003) (citing *Kumho Tire*, 526 U.S. at 152; *United States v. Velarde*, 214 F.3d 1204, 1208-09 (10th Cir. 2000)).

## BACKGROUND

This action stems from an automobile accident in which Plaintiff's husband, Gregory, was killed when his car collided with a semi-truck driven by Defendant Lawrance Dildine. At the time of the accident, Dildine was employed as a truck driver for Defendant BGF Global, LLC (BGF). BGF has stipulated Dildine was acting within the scope of his employment when the accident occurred. In support of her claims against BGF and Dildine, Plaintiff retained Larry Cole as an expert witness. Mr. Cole is president of Trucking Experts, Inc. He has provided expert testimony in trucking cases approximately thirty times since 2012 and has worked in the trucking industry since 1984. In addition, Mr. Cole has held numerous positions relating to safety and compliance. He has been certified as a driving instructor for the State of Arkansas and for sleep deprivation/fatigue awareness training.

For purposes of the instant Motion, Defendants do not question Cole's qualifications as an expert regarding general trucking issues. Defendants, however, object to the opinions he has reached in his April 5, 2017 expert report (the "Cole Report") regarding Defendants' actions, and any opinions concerning human factors

3

such as perception, reaction and driver fatigue.[1] Defendants request that Cole be stricken as an expert witness, or alternatively, that an order in limine issue with respect to his proposed testimony.

In summary, Cole states the following opinions regarding Dildine:

1) Pursuant to federal regulations, after Dildine previously tested positive for marijuana (while employed for another company), he had a duty to complete a Substance Abuse Professional evaluation;

2) Dildine had a duty to comply with Federal Motor Carrier Safety Regulations (FMCSR) regarding hours of service, and, at the time of the accident Dildine exceeded the prescribed seventy hour time cap;

3) Dildine had a duty to follow trucking industry standards to scan far enough ahead to be able to react safely to approaching situations;

4) Dildine had a duty to look for hazards prior to approaching the intersection;

5) Dildine had a duty to operate the semi-truck in a manner as to eliminate known distractions, such as talking on the telephone; and

6) Dildine had a duty to know the speed he was traveling immediately prior to approaching the intersection;

Cole Report at 46-47 [Doc. No. 104-1]. Cole also sets forth certain opinions regarding what he describes as BGF's "questionable business practices." *Id*. at 48.

---

[1] Plaintiffs state that Cole will not provide any testimony that would require a human factors background or analysis.

## DISCUSSION

### I

Upon review of Cole's report, and guided by the standards set forth above, the Court finds that despite his experience and qualifications in the trucking industry, many of his opinions are inadmissible because they do not assist the trier of fact to understand the evidence or to determine a fact in issue in this case. *See Thompson v. State Farm Fire and Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1994) (noting the "touchstone" of admissibility under Rule 702 is helpfulness to the trier of fact) (citing *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 648 (10th Cir. 1991)). Determining whether an expert's testimony will help the trier of fact requires the Court to consider the testimony's relevance, jurors' common knowledge and experience, and whether the testimony may usurp the jury's primary role as the evaluator of evidence. *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006).

With respect to Opinion No. 1, Plaintiff concedes that the admissibility of this opinion was contingent upon the Court's ruling on her Motion for Reconsideration as to her negligent entrustment claim. Pl. Resp. at 14. The Court has denied that motion [Doc. No. 136], rendering the aforementioned opinion moot and irrelevant. Opinion Nos. 3-6 are inadmissible because they do not require specialized knowledge or expertise and are not helpful to the trier of fact. Cole's opinions that

Dildine had a duty to: (1) scan far enough ahead in order to safely react to approaching threats; (2) look for hazards prior to approaching the intersection; (3) operate the semi-truck in a safe manner; and (4) know the speed he was traveling immediately prior to approaching the intersection, are obvious to a lay person. "[W]here as here expert testimony is offered on an issue that a jury is capable of assessing for itself, it is plainly within the trial court's discretion to rule that testimony inadmissible because it would not even marginally 'assist the trier of fact.'" *Thompson*, 34 F.3d at 941. Because no specialized knowledge is needed for these opinions, expert testimony regarding them would not assist the jury.

Except where otherwise stated in this Order, the Court does find Cole's testimony with respect to industry regulations—as reflected in Opinion No. 2—would be helpful to a trier of fact. Courts typically allow expert testimony regarding the customs, standards, and practices in a given industry. To this end, courts have allowed expert testimony regarding the standards and practices in the trucking industry. *See, e.g., Kucharski v. Orbis Corp.*, No. 14-cv-5574, 2017 WL 1806581, at *4 (N.D. Ill. May 5, 2017) (collecting cases); *Brown v. Cooper*, No. 11-CV-93-F, 2012 WL 8897779, at *4 (D. Wyo. Nov. 8, 2012) (admitting expert testimony "concerning standards and practices in the commercial truck driving industry.").[2]

---

[2] As noted in *Kucharski*, however, Cole may not give his opinion as to whether Dildine *violated* any applicable regulation. *See id*. at *6, citing *Nicholson v. McCabe*, No. 02-1107, 2003 WL 25676476, at *1 n. 2 (N.D. Ala. July 18, 2003) (precluding

Thus, to the extent Cole intends to offer testimony as to the relevant standards, practices, and customs in the commercial truck driving industry, his testimony is admissible.

II

In light of the Court's ruling permitting Cole's testimony (subject to the foregoing limitations), Defendants alternatively seek an order in limine restricting his testimony in several respects. Although motions in limine are not formally recognized under the Federal Rules, district courts have long recognized the potential utility of pretrial rulings under the courts' inherent powers to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2nd Cir. 1996)).

Although such pretrial rulings can save time and avoid interruptions at trial, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those

---

expert testimony that defendant violated the FMCSR but finding the FMCSR itself admissible as safety standards relevant to the standard of care in the industry).

instances when the evidence plainly is 'inadmissible on all potential grounds' . . . and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Id*. (citations omitted); *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."). Some in limine rulings, like those involving balancing under Rule 403, are necessarily preliminary because the required balancing may be reassessed as the evidence actually comes in. Thus, a court's in limine rulings are subject to change as the case unfolds or at its discretion. *Luce*, 469 U.S. at 41.

### *Trucking Experts, Inc.*

Cole's company is called Trucking Experts Inc. Defendants state that all references to this name should be excluded since reference to the term "experts" may improperly bolster his testimony. The Court finds this argument is without merit. First, Cole is being called *as an expert* in this case. More importantly, the jury will be instructed that it is completely free to accept or reject an expert's testimony, and to evaluate the weight given such testimony in light of the reasons the expert supplies for his opinion. *See* 3 O'MALLEY, GRENIG & LEE, *Federal Jury Practice and Instructions* § 104.40 (6th ed. 2011); *accord Tenth Circuit Pattern Jury Instructions (Criminal)* No. 1.17; *see also Utility Trailer Sales of Kansas City, Inc. v. MAC*

*Trailer Mfg., Inc.*, 267 F.R.D. 368, 370 (D. Kan. 2010) ("The weight and credibility of expert testimony are for the trier of fact to determine.") (citations omitted). Defendants' Motion is **DENIED** on this issue.

### *Credibility*

Defendants seek to preclude Cole from offering any opinions about a witness or party's veracity. Plaintiff responds that Cole can demonstrate irregularities in Dildine's driver logs and should be permitted to testify that truck drivers falsify their logs in order to save time and maximize profits. Credibility is not a proper subject for expert testimony, since the jury does not need an expert to tell it whom to believe and such testimony may unduly influence the jury's perspective. *United States v. Hill*, 749 F.3d 1250, 1260 (10th Cir. 2014). Defendant's Motion on this issue is **GRANTED IN PART**. Cole's blanket statement that truck drivers falsify their records would be unfairly prejudicial to Dildine and is thus impermissible under Rule 403, Federal Rules of Evidence. However, Plaintiff should be given the opportunity to impeach Dildine's credibility should an evidentiary basis exist. Ruling on Cole's statements about Dildine's driver logs is therefore **DEFERRED** until the record is more fully developed.

### *"Reasonable Degree of Professional Certainty"*

Defendants object to Cole's use of the phrase "reasonable degree of professional certainty" in his report, and move to exclude any recitation of the term

9

at trial. As stated above, the jury will be instructed that it is completely free to accept or reject an expert's testimony, and to evaluate the weight given such testimony in light of the reasons the expert supplies for his opinion. Defendants' Motion on this issue is **DENIED**.

### *Standard of Care*

Defendants next object to any evidence that suggests professional truck drivers must adhere to a higher standard of care when driving. Count One of Plaintiff's complaint alleges Dildine was negligent in causing the accident. In Oklahoma, negligence is the failure to exercise ordinary care, which is "that degree of care which ordinarily prudent persons engaged in the same kind of business usually exercise under similar circumstances." *Martin v. Griffin Television, Inc.*, 1976 OK 13, ¶ 23, 549 P.2d 86, 92. Thus, although Oklahoma does not subject Dildine to a "heightened" standard of care simply because he is a licensed professional truck driver, the use of the phrase "engaged in the same kind of business" takes his profession into account. For Dildine to be found negligent, he must have failed to use ordinary care—meaning the degree of care which an ordinarily prudent person engaged in professional truck driving would have exercised when confronted with the conditions leading up to the accident. The Court can avoid any prejudice by instructing the jury as to the proper standard of care. Defendants' Motion on this issue is **DENIED**.

### *BGF Global*

As noted *supra*, the Cole Report references BGF's alleged "questionable business practices." Defendants object to this testimony, and other proffered testimony regarding any standard of care or alleged negligence on the part of BGF. Plaintiff concedes that the admissibility of this testimony was contingent upon the Court's ruling on her Motion for Reconsideration as to her negligent entrustment claim. The Court has denied that motion [Doc. No. 136], rendering the aforementioned testimony moot and irrelevant. Defendants' Motion on this issue is **GRANTED**.

### *Witnesses' Statements Regarding the Accident*

Defendants object to any testimony by Cole that attempts to recite an eyewitness statement regarding the accident. In light of the factual dispute concerning the witness' statements and their relevance to Cole's opinions, ruling on this issue is **DEFERRED** until further development of the record.

### *The Decedent and Dildine's Actions Prior to the Accident*

Plaintiff contends that according to industry regulations, Dildine was required to stop when he reached seventy (70) hours of on-duty time and he failed to do so. Plaintiff further contends that had Dildine stopped when he reached the prescribed deadline, "this crash would have not occurred." Pl. Resp. at 11 [Doc. No. 117]. As stated, although Cole may offer testimony as to the standards, practices, and customs

in the commercial truck driving industry, he may not offer testimony on whether Dildine violated such regulations, and was thereby culpable or negligent. Defendants' Motion on this issue is **GRANTED**.

*Safer Alternatives*

The dispute surrounding this issue is Cole's testimony as to what a reasonable driver would have done in similar circumstances. Again, although Cole may offer testimony as to the standards, practices, and customs in the commercial truck driving industry, he may not offer testimony on whether Dildine violated such regulations and was thereby culpable or negligent. Nonetheless, the Court can avoid any prejudice regarding this subject by instructing the jury as to the proper standard of care. Defendants' Motion on this issue is **DENIED**.

*Violation of Motor Carrier Regulations*

Defendants object to any testimony that alleges Dildine violated motor carrier regulations. The Court's aforementioned rulings regarding this issue apply equally here, and Defendants' Motion is **GRANTED** as set forth herein regarding specific areas of expected testimony.

*Dildine's Use of Cellular Phone*

Defendants object to Cole's proposed testimony that research indicates use of a cell phone "saps the brain of 39% of the energy it would ordinarily devote to safe driving." Dildine's alleged use of his phone is certainly relevant, and Cole has held

numerous positions relating to safety and compliance. Given the factual dispute regarding Dildine's actions, ruling on this issue is **DEFERRED** until the record is more fully developed.

### *Opinions of Ron Blevins*

Defendants contend that Cole's comments on any opinions expressed by Ron Blevins, Plaintiff's accident reconstructionist, is inappropriate and objects to any testimony relating the same. Plaintiff concedes that she does not intend to seek testimony from Cole regarding Blevins' opinions; thus, Defendants' Motion on this issue is **DENIED** as moot.

### *Cause of Death*

Defendants seek to preclude Cole from testifying as to the Decedent's cause of death. Plaintiff states she does not intend to do so; thus, Defendants' Motion on this issue is **DENIED** as moot.

### *Positive Drug Tests*

Defendants object to Cole's reference to an earlier incident in which Dildine tested positive for marijuana. Plaintiff concedes that the admissibility of this testimony was contingent upon the Court's ruling on her Motion for Reconsideration as to her negligent entrustment claim. The Court has denied that motion [Doc. No. 136], rendering the aforementioned testimony moot and irrelevant. Defendants' Motion on this issue is **GRANTED**.

## BGF Global's Safety Rating

Plaintiff concedes that the admissibility of this testimony was contingent upon the Court's ruling on her Motion for Reconsideration as to her negligent entrustment claim. The Court has denied that motion [Doc. No. 136], rendering the aforementioned testimony moot and irrelevant. Defendants' Motion on this issue is **GRANTED**.

## Dildine's Condition at Time of the Accident

Defendants seek to preclude any testimony by Cole that indicates Dildine was fatigued at the time of the accident. Plaintiff states she does not intend to elicit such testimony; rather, she seeks to establish that Dildine's conduct was not in conformity with industry regulations and practice. As previously stated, Cole may offer testimony as to the standards, practices, and customs in the commercial truck driving industry, he may *not* offer testimony on whether Dildine was culpable or negligent as a result of a failure to comply with such standards or regulations. Moreover, the jury will be instructed on the proper standard of care. Defendants' Motion on this issue is **DENIED**.

## Falsifying Driving Logs

Cole's report comments that truck drivers falsify their logs to maximize profit; Defendants assert that any such testimony should be excluded at trial. The Court's

foregoing ruling regarding this subject applies here, and Defendants' Motion is **GRANTED IN PART**.

*Punitive Damages*

Defendants seek to exclude any testimony that suggests Defendants' actions went beyond mere negligence and were reckless. Cole will not be allowed to opine that Defendants' conduct amounts to any particular degree of culpability, or satisfies the legal requirements for the imposition of punitive damages. The Motion is **GRANTED** in this regard.

**CONCLUSION**

Defendants' Motion to Strike (Daubert), Motion in Limine and Brief in Support as to Plaintiff's Expert Larry Cole [Doc. No. 104] is **GRANTED IN PART** and **DENIED IN PART** as set forth herein. With respect to any reserved ruling, the Court cautions counsel to approach the bench and seek a ruling before eliciting any challenged evidence or testimony.

**IT IS SO ORDERED** this 13th day of February 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE